# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KADEA WILSON (nee Bailey) and CINDY WALKER, *Plaintiffs* <br><br> v. <br><br> USA STAY, LLC d/b/a iStayNY, DARREN LACHAR, MOHAMMED MOUTRAJI, and EKATERINA RTISHCHEVAHAS, <br><br> __ *Defendants.* | № 15 Civ. 5670 (AKH) <br><br><br> **SETTLEMENT AGREEMENT** |

This Settlement Agreement ("Agreement") sets forth the mutual understanding between KADEA WILSON Nee BAILEY and CINDY WALKER ("Plaintiffs") and USA STAY, LLC d/b/a iStayNY, DARREN LACHAR and EKATERINA RTISHCHEVAHAS, (collectively "Defendants") and the corporate defendants' parents, subsidiaries, affiliates, successors and assigns, divisions, their respective past and present officers, owners, shareholders, directors, principals, employees, former employees, representatives, service providers, counsel and/or agents whether in their official or personal capacity, and each of their respective successors and assigns regarding Plaintiffs' employment and the settlement of any and all claims Plaintiff have or may have against Defendants. The Plaintiffs and Defendants may each be referred to as "Party" and collectively as "Parties."

**WHEREAS**, Plaintiffs commenced an action against Defendants in the United States District Court, Southern District of New York, styled Walker v. USA Stay, LLC, etc. et al (Case No.: 15 Civ. 5670 (AKH), alleging (1) minimum wage violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); (2) overtime violations under the FLSA and NYLL; (3) violations of the notice and recordkeeping provisions of the FLSA; and (4) violations of the New York Wage Theft Prevention Act;

**WHEREAS**, Defendants deny Plaintiffs' claims;

**WHEREAS**, the Parties, all of whom have received independent legal advice in this matter, wish to settle this matter in a manner that will obviate the need for arbitration or other administrative or court litigation between the Parties to this Agreement and will preclude the bringing of any claim, cause, proceeding or action against any and all of them by providing Plaintiffs with an amount of money that will recompense Plaintiffs for any and all of their alleged claims, costs and attorneys' fees;

**NOW, THEREFORE**, in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

## 1. Payment

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to pay Plaintiffs the total amount of SIXTY-FIVE THOUSAND ($65,000.00) DOLLARS, which includes costs and attorneys' fees, in monthly installments as set forth below.

In the event that the Court has not approved this Agreement by December 22, 2016, the first installment and any other installments due prior to the Court's approval of this Settlement Agreement shall be paid in accordance with the schedule set forth in this Settlement Agreement to the escrow account of Eisner & Dictor, P.C. and held there until approval is granted by the Court. All other installments that have not accrued as of the date of Court approval shall not be affected.

**An initial payment** shall be made no later than December 22, 2016 as follows:

(i) One check made payable to the escrow account of Eisner & Dictor, P.C. in the amount of $15,000.00 to be distributed by Eisner & Dictor, P.C., upon approval of this Settlement Agreement by the Court, as follows;

    a. one check made payable to the operating account of Eisner & Dictor, P.C. in the amount of $4,371.00 as attorneys' fees; and

    b. one check made payable to the operating account of Eisner & Dictor, P.C. in the amount of $1,883.68 as reimburse of costs;

    c. one check made payable to Kadea Wilson (nee Bailey) in the amount of $4,372.66

    d. one check made payable to Cindy Walker in the amount of $4,372.66

**Seventeen consecutive monthly installment payments** shall follow the initial payment and will be made no later than the 22nd day of each month beginning January 22, 2017 as follows:

(i) one check made payable to the operating account of Eisner & Dictor, P.C. in the amount of $925.00 as attorneys' fees; and

(ii) one check made payable to Kadea Wilson (nee Bailey) in the amount of $926.00

(iii) one check made payable to Cindy Walker in the amount of $926.00

**A final payment** shall be made no later than June 22, 2018 as follows:

(i) one check made payable to the operating account of Eisner & Dictor, P.C. in the amount of $930.00 as attorneys' fees; and

(ii) one check made payable to Kadea Wilson (nee Bailey) in the amount of $930.50

(iii)one check made payable to Cindy Walker in the amount of $930.50

Defendants agree that each installment will be received by Eisner & Dictor, P.C., 39 Broadway, Suite 1540, New York, New York 10006, on or before the 22nd day of each month (unless the 22nd day falls on a weekend, in which case the installment will be due on the following business day) beginning December 22nd, 2017, and continuing until June 22, 2018.

Eisner & Dictor, P.C. will provide Defendants with an IRS Form W-9, and Defendants agree to issue Eisner & Dictor, P.C. a 1099 for their portion of the Settlement Payment.

## 2.  Default

In the event that Defendants fail to make timely payment, Plaintiffs shall provide notice of the default to Jason J. Rebhun, Esq. by email to jason@jasonrebhun.com. Defendants will then have ten (10) business days from the date of receipt of such default notice within which to cure the default. If the default is not cured within such time, Plaintiffs shall have the right to recover attorneys' fees, costs and disbursements incurred in enforcing the payment obligations under this Agreement, and to the extent the Court permits, the District Court for the Southern District of New York will retain jurisdiction to enforce this Agreement. Moreover, upon Defendants' failure to cure within ten (10) business days from receipt of the default notice, Plaintiffs shall be permitted, without any further notice, to file the Affidavit of Confession of Judgment executed by Darren Lachar, annexed hereto as Exhibit 1 to this Agreement.

## 3.  Non-Admission

This Agreement does not constitute an admission that Defendants have violated any law, statute, or contract or committed any wrongdoing whatsoever, and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

## 4.  Settlement Approval

The parties shall submit this executed Agreement to the Court for review and approval and, if required by the Court, a motion requesting the Court's approval of this Agreement. This Agreement shall not be effective until the Court approves this Agreement.

## 5.  Re-employment

Plaintiffs hereby waive any and all rights to employment, reinstatement or re-employment with the Defendants, their parents, subsidiaries, affiliates, successors and assigns, or divisions, and they will not in the future ever seek reemployment in any position with Defendants, their parents, subsidiaries, affiliates, successors and assigns, or divisions, nor will they seek or apply for any

3

such employment either directly or indirectly through an employment agency, temporary agency, or third party.

## 6. Release

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves and for their heirs, executors, administrators and their respective successors and assigns, HEREBY RELEASE AND FOREVER DISCHARGE, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, shareholders, stockholders, any trusts having ownership in any of the Defendants, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, directors, employees, trustees, agents, whether personally as individuals or in their official corporate capacity, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), executions, claims and demands ("claims"), arising out of the Fair Labor Standards Act and the New York Labor Law.

Plaintiffs and Defendants acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

## 7. Attorneys' Fees

Except as noted in paragraph 1, no party shall be responsible or liable for the payment of any attorneys' fees or costs for the other party.

## 8. Representations and Acknowledgements

Plaintiffs understand and agree that they have been advised to consult with their own attorneys, and have in fact consulted with their own attorneys, Eisner & Dictor, P.C., before signing this Agreement.

## 9. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

## 10. Stipulation of Dismissal

Plaintiffs agree to take all necessary action to dismiss their Complaint (Case No.: 15 Civ. 5670 (AKH) and shall execute a Stipulation of Dismissal with prejudice upon full execution and approval of this Settlement Agreement, which shall be filed with the Court immediately.

## 11. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

## 12. Effective Date

This Agreement and Release shall become effective immediately upon execution of the last executing party, subject to the approval of the Court.

## 13. Interpretation

No interpretations or ambiguous language should be treated in favor or against any one party as each party played an equal role in drafting and finalizing this Agreement, as authors and detailers.

## 14. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

## AGREED AND ACCEPTED:

**Plaintiffs:**

Kadea Wilson (nee Bailey)

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On this 17th day of ~~December,~~ January, 2017 before me personally came Kadea Wilson (nee Bailey) known to me to be the individual described in and who executed the foregoing Agreement, and acknowledged that she executed the same.

THOMAS LAMADRID
Notary Public, State of New York
No. 02LA6326549
Qualified in Queens County
Commission Expires June 22, 20 19

Notary Public

5

Cindy Walker

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

On this **17th** day of ~~December~~ **January**, 2016 before me personally came Cindy Walker known to me to be the individual described in and who executed the foregoing Agreement, and acknowledged that she executed the same.

THOMAS LAMADRID
Notary Public, State of New York
No. 02LA6326549
Qualified in Queens County
Commission Expires June 22, 20_19_

Notary Public

**Defendants:**

USA Stay, LLC d/b/a iStayNY

By:_____
        Darren Lachar

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF             )

On this ___ day of December, 2016 before me personally came Darren Lachar, to me known, who, being by me duly sworn did depose and say that he resides in _____, that he is the _____ of USA Stay, LLC d/b/a iStayNY, the corporation described in and which executed the above Agreement; that he knows the seal of said corporation; that the seal affixed to said instrument is such a corporate seal, that it was so affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

_____
Notary Public

6

_____
Darren Lachar

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF             )

On this ___ day of December, 2016 before me personally came Darren Lachar, known to me to be the individual described in and who executed the foregoing Agreement, and acknowledged that he executed the same.

                                                    _____
                                                    Notary Public

_____
Ekaterina Rtishchevahas

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF             )

On this ___ day of December, 2016 before me personally came Ekaterina Rtishchevahas, known to me to be the individual described in and who executed the foregoing Agreement, and acknowledged that she executed the same.

                                                    _____
                                                    Notary Public

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

KADEA WILSON (née Bailey) and CINDY WALKER,

Plaintiff,

-against-

USA STAY, LLC d/b/a iStayNY, DARREN LACHAR,
MOHAMMED MOUTRAJI, KATE LNU, and JOHN DOES #1-
10, jointly and severally,

Defendants.

15cv5670 (AKH)

Affidavit of Confession of
Judgment

STATE OF NEW YORK      )
                       )ss:
COUNTY OF NEW YORK.   )

Darren Lachar, individually, and in my capacity as President of USA STAY, LLC d/b/a

iStayNY (hereinafter collectively "USA Stay"). having first been duly sworn, deposes and says:

1.      I hereby confess judgment and authorize entry of judgment against me and USA

Stay in favor of Plaintiffs Kadea Wilson (née Bailey) and Cindy Walker for the sum of SIXTY-

FIVE THOUSAND ($65,000.00) DOLLARS, less any payments previously received pursuant to

the terms of the Settlement Agreement and General Release dated January __, 2017 (the

"Settlement Agreement") in the above-captioned proceeding, together with statutory costs

pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; reasonable attorneys' fees incurred in

entering and enforcing the judgment; and interest from the date of the default to the date of entry

of judgment as provided in 28 U.S.C. § 1961.

2.      I hereby acknowledge, represent, and warrant to Plaintiffs that I have been duly

authorized (and have the full power and authority) to enter into, execute, deliver, perform and

implement this Affidavit of Confession of Judgment, and that such Affidavit of Confession of

1

Judgment is legal, valid, and binding upon me and USA Stay.

3.    This Affidavit of Confession of Judgment is for a debt justly due pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

4.    The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement whereby the Defendants agreed to pay Plaintiffs the total sum of $65,000.00, payable in installments as follows:

**An initial payment** shall be made no later than December 22, 2016 as follows:

(i)  One check made payable to the escrow account of Eisner & Dictor, P.C. in the amount of $15,000.00 to be distributed by Eisner & Dictor, P.C., upon approval of this Settlement Agreement by the Court, as follows;
  a.  one check made payable to the operating account of Eisner & Dictor, P.C. in the amount of $4,371.00 as attorneys' fees; and
  b.  one check made payable to the operating account of Eisner & Dictor, P.C. in the amount of $1,883.68 as reimburse of costs;
  c.  one check made payable to Kadea Wilson (nee Bailey) in the amount of $4,372.66
  d.  one check made payable to Cindy Walker in the amount of $4,372.66

**Seventeen consecutive monthly installment payments** shall follow the initial payment and will be made no later than the 22nd day of each month beginning January 22, 2017 as follows:

(i)  one check made payable to the operating account of Eisner & Dictor, P.C. in the amount of $925.00 as attorneys' fees; and
(ii)  one check made payable to Kadea Wilson (nee Bailey) in the amount of $926.00
(iii) one check made payable to Cindy Walker in the amount of $926.00

**A final payment** shall be made no later than June 22, 2018 as follows:

(i)  one check made payable to the operating account of Eisner & Dictor, P.C. in the amount of $930.00 as attorneys' fees; and
(ii)  one check made payable to Kadea Wilson (nee Bailey) in the amount of $930.50
(iii) one check made payable to Cindy Walker in the amount of $930.50

5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure such breach, this Affidavit of Confession of Judgment shall be docketed and entered as a judgment against USA Stay and me, jointly and severally, and

2

against all property, of any kind, in which I and USA Stay, collectively or individually, have any
ownership interest.

Sworn to before me this

_____ day of January 2017.

_____
Darren Lachar

_____
Notary Public